FILED
2013 Sep-16 PM 04:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ALABAMA
                        SOUTHERN DIVISION

PATRICIA JACKSON, as           }
Administrator of the Estate    }
of DANNY RAY BROWN, deceased,  }
                               }    CIVIL ACTION NO.
     Plaintiff,                }    13-AR-1660-S
                               }
v.                             }
                               }
JOSHUA FREEMAN, et al.,        }
                               }
     Defendants.               }
```

**<u>MEMORANDUM OPINION</u>**

Plaintiff, Patricia Jackson, as administrator of the estate of Danny Ray Brown, deceased, filed the above-styled action purportedly *pro se* on September 6, 2013. This is her third bite at the apple. Her first virtually identical complaint was filed on August 10, 2009, CV-09-IPJ-1590-S. It was dismissed without prejudice on February 8, 2010. Her second virtually identical complaint was filed on August 6, 2013, CV-13-RDP-1454-S. It was dismissed without prejudice on August 12, 2013. Although these two dismissals were without prejudice, and therefore are not *res judicata*, the rationales for the two previous dismissals do not depend upon insurmountable defects such as those defects that this court sees in the instant case. The instant action is devoid of colorable merit and is due to be dismissed with prejudice for the following reasons.

First and foremost, the case is barred by the statute of limitations. It appears from the face of the complaint that

plaintiff's decedent died prior to September 17, 2007, when plaintiff was appointed the personal representative and administrator of the estate of her brother, the deceased, who died on August 8, 2007. There is no basis alleged, or that could be alleged, to avoid the bar of the statute of limitations. Whether plaintiff is proceeding under Alabama's Wrongful Death Statute, or under 42 U.S.C. § 1983, the applicable statute of limitations has run long ago. No wonder plaintiff has been unable to get a lawyer to take her case.

Second, and just as important, is the fact that plaintiff has not alleged any basis for invoking the jurisdiction of this court. If by referring to "1983 Civil Rights Act", plaintiff means to invoke 42 U.S.C. § 1983, her factual allegations are woefully inadequate for describing a constitutional tort, and her claims of negligence and/or wantonness by defendants are not cognizable in a federal court.

Third, and last, a personal representative cannot proceed *pro se*. Because this court will not draft a lawyer to pursue a case devoid of colorable merit, plaintiff is without standing.

Under the circumstances, plaintiff's application for the right to proceed *in forma pauperis* and her request for the court to appoint her an attorney are due to be and will be denied by separate order dismissing the action with prejudice.

DONE this 16th day of September, 2013.

                                          _____
                                          WILLIAM M. ACKER, JR.
                                          UNITED STATES DISTRICT JUDGE